IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| HENSON LANE | § |
| | § CIVIL ACTION NO. _____ |
| | § |
| | § |
| V. | § JURY DEMANDED |
| | § |
| ENGINEERING & INSPECTIONS | § |
| HAWAII, INC. AND HIGHMARK HEALTH | § |
| INSURANCE COMPANY | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Nature of the Case

1. Henson Lane is entitled to continuing health insurance coverage known as COBRA. Mr. Lane's former employer is Engineering & Inspections Hawaii, Inc. His health insurance while employed with Engineering & Inspections Hawaii, Inc. was provided by Highmark Health Insurance Company.

### Jurisdiction and Venue

2. This court has subject matter jurisdiction under the ERISA statute 29 USC § 1132(e)(1).

3. Venue in this District is proper under the ERISA statute 29 USC § 1132(e)(2) because the breach took place in Harris County, Texas.

### The Parties

4. Plaintiff is a resident of Galveston County, Texas.

5. Defendant, Engineering & Inspections Hawaii, Inc., is a foreign corporation conducting business in Texas. It may be served with summons through its registered agent: Bruce G. Jackson, 700 Bishop Street, Honolulu, Hawaii, 96813.

6. Defendant, Highmark Health Insurance Company, is a foreign corporation conducting business in Texas. It may be served with summons through its registered agent, CT Corporation System, 818 West 7th Street, Los Angeles, California, 90017.

## Factual Allegations

7. Mr. Lane received health insurance as an employee of Engineering & Inspections Hawaii, Inc. from September 1, 2010 to September 30, 2010. Mr. Lane and his wife had to wait three months to be eligible for health insurance. Engineering & Inspections Hawaii, Inc. began deducting health insurance premiums from Mr. Lane's paycheck one month earlier than the commencement of coverage. Mr. Lane scheduled a colonscopy to occur on October 2, 2010. The hospital and doctor's office received pre-certification from the Highmark Health Insurance Company for the procedure.

8. In the last week of September Mr. Lane learned that he was being laid off from Engineering & Inspections Hawaii, Inc. Mr. Lane, his doctor and the hospital had no reason to believe that Mr. Lane was not still covered since he was required to pay one month in advance for health insurance. For those reasons, Mr. Lane went forward with his colonscopy of October 2.

9. Months after the procedure Mr. Lane learned that Highmark Health Insurance Company rejected the claims. The doctor and hospital began demanding payment from Mr. Lane.

10. Mr. Lane's wife made numerous requests to Engineering & Inspections Hawaii, Inc and Highmark Health Insurance Company for information regarding how much Mr.

Lane paid in health insurance premiums, why the health insurance was terminated on September 30 if they had to pay one month in advance and why COBRA was not offered. However, Engineering & Inspections Hawaii, Inc and Highmark Health Insurance Company never responded to her requests for answers and information.

11. Mr. Lane never received any information regarding the continuation of his health insurance benefits from the employer, a third party administrator or Highmark health insurance company so he did not have continuing health insurance coverage in place to cover the medical bills in light of the early and wrongful termination of the health insurance benefits.

12. Mr. Lane suffered damages for the wrongful termination of the health insurance benefits causing him to incur substantial medical bills, mental anguish, damage to credit rating because the medical bills were turned over to a collection agency, attorneys fees, and court costs.

### Claims for Relief

Failure to Comply with 29 USC § 1132

13. An employer is obligated to send notice of the right to elect continuation of health insurance benefits within forty four days of the last day of coverage under the group health plan. An employer may delegate this duty to a third party administrator but the employer is not relieved of the obligation to make certain that compliance with the applicable statute is met. Mr. Lane never received a notice of the right to elect continuation of health insurance benefits.

14. An employer or third party administrator is also obligated to send a Summary Plan Description within 44 days of the termination date. Mr. Lane did not receive the

Summary Plan Description.

15. An employer or third party administrator is also obligated to send a COBRA General Notice within the first 90 days of coverage. Mr. Lane never received a COBRA General Notice describing his rights under COBRA as required.

16. A beneficiary has 60 days to elect to continuing coverage. Mr. Lane never made the election because he was never sent the documents to provide him with an election.

17. A beneficiary then has up to 45 days to make the initial premium payment. Mr. Lane never made the initial premium payment because he was never given the opportunity to elect continuing health insurance benefits.

18. Engineering & Inspections Hawaii, Inc and Highmark Health Insurance Company failed to follow the laws set out by the Federal government in administering COBRA insurance.

19. Mr. Lane bring suits under 29 USC § 1132(a)(1)(A), (a)(1)(B) and (a)(3)(B). He seeks payment of the medical bills, statutory penalties for the failure to provide COBRA insurance in compliance with the law, and reasonable and necessary attorneys fees. Mr. Lane does not seek reinstatement of the health insurance because his current employer provides health insurance. The unpaid medical bills have caused stress and anxiety which disrupts his daily routine. The unpaid medical bills has damages Mr. Lane's credit rating.

DTPA

20. Engineering & Inspections Hawaii, Inc and Highmark Health Insurance Company engaged in false, misleading and deceptive acts and practices that Mr. Lane relied

on to his detriment. Specifically, Engineering & Inspections Hawaii, Inc and Highmark Health Insurance Company represented that Mr. Lane had health insurance coverage when in fact he did not. The defendants' failure to provide the health insurance as specifically represented was a producing cause of damages to Mr. Lane.

21. In the event the trier of fact determines that Engineering & Inspections Hawaii, Inc and Highmark Health Insurance Company denied Mr. Lane health insurance benefits intentionally or knowingly, Mr. Lane seeks recovery for mental anguish damages and punitive damages up to three times the amount of actual damages.

Breach of Contract

22. Engineering & Inspections Hawaii, Inc and Highmark Health Insurance Company failed to provide health insurance coverage as agreed. As a result of the breach of the contract to provide health insurance Mr. Lane suffered damages for which he now sues.

Negligent Misrepresentation

23. Engineering & Inspections Hawaii, Inc and Highmark Health Insurance Company represented to Mr. Lane that he had health insurance coverage for the October 2 colonscopy when in fact there was no health insurance coverage provided. Engineering & Inspections Hawaii, Inc and Highmark Health Insurance Company made that representation without first ascertaining that it was a truthful statement. Mr. Lane relied on that representation in going through with the medical procedure. As a result of the reliance on the negligent misrepresentation, Mr. Lane suffered damages for which he now sues.

### Notice

24. Mr. Lane provided written notice to Engineering & Inspections Hawaii, Inc and Highmark Health Insurance Company of him claims on September 26, 2012.

### Damages

25. Mr. Lane seeks recovery for unpaid medical bills incurred in the past, damage to credit rating in the past and future, mental anguish, statutory penalties of $100 a day justified by the mental anguish suffered from the unpaid medical bills, a reasonable fee the necessary attorney's services, court costs and pre-judgment interest from Engineering & Inspections Hawaii, Inc and Highmark Health Insurance Company.

### Prayer

For these reasons, Plaintiff seeks judgment against Defendants as follows:

(1) Actual damages;

(2) Attorneys Fees pursuant to 29 USC § 1132(g), Texas Civil Practice & Remedies Code § 38.001(8) and Texas Business & Commerce Code 17.50(d);

(3) Punitive damages pursuant to 29 USC §1132(l);

(4) Exemplary damages pursuant to Texas Civil Practice & Remedies Code § 41.003 and Texas Business & Commerce Code §17.50(b)(1);

(5) Costs of Suit; and

(6) All other relief this Court deems just.

Respectfully submitted,

THE GREENWOOD PRATHER LAW FIRM

By: /s/ Kelly G. Prather
Kelly Greenwood Prather
TBA: 00796670
So. Dist. Tx. No. 21829
1300 McGowen Street
Houston, Texas  77004
**Mailing Address:**
**PO Box 1358**
**Houston, Texas 77251**
(713) 333-3200 telephone
(713) 621-1449 telecopier
ATTORNEY FOR PLAINTIFF